24CA0767 Sweet v 303 Construction 07-16-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0767
Douglas County District Court No. 22CV28
Honorable Andrew Baum, Judge

---

Renee Sweet and Jeffrey Buske,

Plaintiffs-Appellants,

v.

303 Construction Services, LLC, and Brian Anthony Moore,

Defendants-Appellees.

---

JUDGMENT AND ORDER AFFIRMED

Division II
Opinion by JUDGE TOW
Harris and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 16, 2026

---

Renee Sweet, Pro Se

Jeffrey Buske, Pro Se

The Moore Law Firm, P.C., Theresa M. Moore, Englewood, Colorado; Christy Law LLC, Jessica Christy, Denver, Colorado for Defendants-Appellees

¶ 1        Plaintiffs, Renee Sweet and Jeffrey Buske, appeal the district court's judgment entered against defendants, 303 Construction Services, LLC (303); Brian Anthony Moore; Super Frank, LLC; SF Construction Services, LLC; Frank Henry Walley IV; and Douglas Gregory Walley,[1] and appeal the order denying their motion for postjudgment relief.  We affirm the judgment and the order.

## I.        Background

¶ 2        Sweet and Buske sued defendants, asserting various legal and equitable claims arising out of an incident involving repair work done pursuant to a homeowner's insurance claim.  One claim was for civil theft for which Sweet and Buske sought treble damages under section 18-4-405, C.R.S. 2025.  In the complaint, Sweet and Buske requested a jury trial.

¶ 3        After none of the defendants answered or otherwise responded to the complaint, Sweet and Buske moved for entry of a default judgment.  They included an affidavit — incorporating exhibits and additional affidavits — in support of the amount of damages sought.

---

[1] Super Frank, LLC; SF Construction Services, LLC; Frank Henry Walley IV; and Douglas Gregory Walley did not participate in the appeal.

¶ 4     The district court entered a default judgment for Sweet and Buske and against defendants in the amount of $259,587.32.  A writ of garnishment was subsequently served on 303's bank, as well as on other nonparties.

¶ 5     Defendants filed a motion to set aside the default judgment, alleging, among other reasons, that the amount of damages claimed by Sweet and Buske was fraudulent.  Moore subsequently filed his own C.R.C.P. 60(b) motion, advancing the same argument, among others.  Sweet and Buske opposed both motions.  The district court vacated the default judgment as to the amount of damages only — not as to liability.

¶ 6     The court conducted a damages hearing on February 21 and March 1, 2024.  The court issued a written judgment in favor of Sweet and Buske and against defendants and awarded them $52,258.84 in damages.

¶ 7     Sweet and Buske filed a motion for postjudgment relief seeking an amendment of the judgment or, alternatively, a new trial.  The court summarily denied it.

## II. Appellate Record

¶ 8    As a threshold issue, we address the state of the appellate record.  Sweet and Buske submitted a transcript request.  When the appellate record was certified, the district court appellate clerk noted that Sweet and Buske did not pay for the transcripts and thus none were submitted as part of the record.

¶ 9    Sweet and Buske filed a motion to supplement and settle the record with this court, in which they requested that defendants be required to order and pay for the transcripts.  This court denied the motion to supplement the record, with leave to renew if Sweet and Buske showed that they had made payment arrangements for the transcripts.  They made no such showing, and the appeal proceeded without the transcripts, including those from the damages hearing.

¶ 10    As 303 and Moore correctly assert, appellants are responsible for providing an adequate record for us to review, including "transcripts of all proceedings necessary for considering and deciding the issues on appeal."  C.A.R. 10(d)(3).  And when appellants fail to provide transcripts, "the reviewing court must presume that the record supports the judgment."  *In re Marriage of Dean*, 2017 COA 51, ¶ 13.

### III.  Sweet and Buske's Appellate Claims

¶ 11  Sweet and Buske contend that the district court erred by

(1)  setting aside the default judgment entered against Moore and Frank Henry Walley IV;

(2)  vacating the default judgment against the "non-appearing corporate defendants" (Super Frank, LLC, and SF Construction Services, LLC) and Douglas Gregory Walley;

(3)  failing to preserve the default judgment amount as security pending resolution of their claims;

(4)  vacating the writ of garnishment against 303's bank;

(5)  failing to grant them a trial on the merits after vacating the default judgment;

(6)  failing to follow the Rules of Civil Procedure and harming their substantive rights by not holding a trial on the merits;

(7)  failing to treble the damages on the civil theft claim;

(8)  failing to grant their postjudgment motion;

(9)  applying C.R.C.P. 26(a)(2)(C)(I) to a Rule 60(b) hearing;

(10)  transmitting documents titled exhibits to this court when no trial occurred;

(11) denying a motion to strike Moore's Rule 60(b) motion as a defective filing because the verification page did not have a notary seal or jurat; and

(12) not conducting a jury trial, despite the fact that they made a jury demand and paid the fee.

¶ 12 We first identify the unpreserved issues that we will not address and then turn to the preserved issues.

## A. Unpreserved Issues

¶ 13 Although we liberally construe pro se parties' arguments, we cannot invent arguments they have not made. *Minshall v. Johnston*, 2018 COA 44, ¶ 21. Further, pro se litigants are bound by the procedures and standards of this court, and we will not construe their briefs so liberally that we ignore the preservation requirement. *See Anderson v. Shorter Arms Invs., LLC*, 2023 COA 71, ¶ 25. Moreover, a pro se litigant "must be prepared to accept the consequences of his mistakes and errors." *Rosenberg v. Grady*, 843 P.2d 25, 26 (Colo. App. 1992).

### 1. Issues One Through Six

¶ 14    For issues one through six, Sweet and Buske rely on their motion for postjudgment relief as preserving the respective issue.[2] These issues concern the impact of the court setting aside the default judgment, including whether Sweet and Buske were entitled to a trial on the merits, as opposed to just a damages hearing; which defendants were affected; and what happened to the writ of garnishment.

¶ 15    To preserve an issue for appeal, the party must bring the issue to the district court's attention, giving the court an opportunity to rule on it. *Berra v. Springer & Steinberg, P.C.*, 251 P.3d 567, 570 (Colo. App. 2010). Further, issues raised for the first time in a motion after the judgment has been entered are not appealable. *See Briargate at Seventeenth Ave. Owners Ass'n v. Nelson*, 2021 COA 78M, ¶ 66 ("Arguments made, as here, for the first time in a

---

[2] Sweet and Burke also assert that they preserved issue one in their response in opposition to Moore's C.R.C.P. 60(b) motion. In that response, they appeared to argue that Moore was not entitled to relief under C.R.C.P. 60(b)(2) because the purported fraud was intrinsic rather than extrinsic. To the contrary, on appeal, they appear to attack the adequacy of the fraud allegations in the first place.

post-trial motion are too late and, consequently, are deemed waived for purposes of appeal.").

¶ 16 Thus, because Sweet and Buske failed to raise issues one through six at any point before the final judgment entered, we conclude that they raised them too late.

### 2. Issue Nine

¶ 17 Sweet and Buske concede that issue nine is not preserved.

### 3. Issue Eleven

¶ 18 Sweet and Buske contend that issue eleven is preserved in their response in opposition to Moore's C.R.C.P. 60(b) motion. But nowhere in that response do they argue that Moore's Rule 60(b) motion was defective because it was unverified given the lack of notary seal or jurat on the verification page. *See People in Interest of T.S.*, 781 P.2d 130, 132 (Colo. App. 1989) (concluding that because the appellant "failed to object in the trial court on the grounds now asserted, she is deemed to have waived any objection and cannot raise it on appeal"). Thus, this contention is unpreserved.

### B.    Issue Twelve

¶ 19    Sweet and Buske contend that they demanded a jury trial in their complaint and paid the required fee.  They further contend that after the default judgment was set aside, they asserted that they were entitled to a jury trial.  But, as noted, they did not raise this contention until they filed their motion for postjudgment relief.  Thus, by failing to object to the damages hearing proceeding as a bench trial, they waived their jury trial demand.  *See Johnson v. Neel*, 229 P.2d 939, 944-45 (Colo. 1951).

¶ 20    Accordingly, we do not address issues one through six, nine, eleven, or twelve.  We now turn to the preserved issues.

### C.    Preserved Issues

#### 1.    Issue Seven

¶ 21    Sweet and Buske contend that the district court erred by not trebling the damages for their civil theft claim.  We discern no error.

¶ 22    First, the record belies plaintiffs' contention.  In the court's judgment following the damages hearing, it noted that Sweet and Buske requested treble damages for their civil theft claim but did not distinguish what damages they sought for any specific claim.  The court stated that plaintiffs sought treble damages under the

8

civil theft statute for the loss of cabinets, a granite vanity, a Bosch double oven, a window, two doors, and tiles. The court then listed the value of the specific items it found had been stolen, totaled the amounts, and trebled the total, which amounted to $29,247.36. Thus, the record demonstrates that the court trebled the damages attributable to the civil theft claim.

¶ 23 Further, to the extent Sweet and Buske challenge the court's findings, we must presume that the missing hearing transcripts support the judgment. *See Dean*, ¶ 13.

### 2. Issue Eight

¶ 24 Sweet and Buske contend that the district court erred by denying their motion for postjudgment relief.

¶ 25 First, to the extent Sweet and Buske contend that the court abused its discretion by summarily denying their postjudgment motion for relief, we disagree. They cite no authority, and we are aware of none, that requires a court to make explicit findings in ruling on C.R.C.P. 59 motions. In the absence of such authority, "[f]indings of fact and conclusions of law are unnecessary." C.R.C.P. 52.

¶ 26    As to their substantive challenges to the court's denial of their postjudgment motion, Sweet and Buske contend that the court failed to (1) preserve the writ of garnishment as security when it set aside the default judgment; (2) award treble damages on the civil theft claim; and (3) hold a trial on the merits.  Plaintiffs rely exclusively on their motion for postjudgment relief to support these arguments and do not develop them further in their opening brief.

¶ 27    We reject this attempt to raise issues, or to provide support for these issues, by referencing or directing this court to review their district court filings, or by incorporating such filings by reference into their appellate brief.  *See* C.A.R. 57 (prohibiting incorporation by reference of briefs previously filed in the district court).  Incorporating by reference or adopting by reference arguments from previous filings is improper because it attempts to shift, from the litigants to the court, the task of locating and synthesizing the relevant facts and arguments.  *Castillo v. Koppes–Conway*, 148 P.3d 289, 291 (Colo. App. 2006); C.A.R. 28(g)(1).  Therefore, we decline to consider these issues because Sweet and Buske only raised them as arguments in their district court motion for postjudgment relief but did not develop them in their opening brief.  *See McCauley v. Colo.*

*Dep't of Revenue*, 2022 COA 25, ¶ 7 n.1 (declining to address undeveloped argument).

### 3.    Issue Ten

¶ 28    Sweet and Buske contend that the exhibits in the appellate record improperly imply that a trial on the merits was held in the district court and that the exhibits were admitted.  We disagree.

¶ 29    The exhibits in the appellate record include (1) a photograph of a note by plaintiffs asking for a thumb drive to be included in the district court record and a photograph of the thumb drive itself and (2) the exhibits filed on February 20, 2024, by Moore in advance of the damages hearing.

¶ 30    First, the presence of these exhibits in the court file does not imply that a trial on the merits occurred.  Exhibits can be filed in any number of contexts, including (as here) as attachments to motions.  The mere fact that there is an exhibit folder in the appellate record in no way implies that a trial on the merits occurred, or that those exhibits were admitted in any other hearing. Those exhibits appear, identified as such, in the trial record; their inclusion in the appellate record with the same label is not only appropriate — it is necessary.

¶ 31    The record also belies their contention that the exhibits were not admitted.  In its judgment after the damages hearing, the court listed which exhibits it received.  And again, as noted, because we do not have the transcripts from the damages hearing, we must presume that they support the judgment.  *See Dean*, ¶ 13.

¶ 32    Moreover, as noted, it is appellants' responsibility to ensure that the record is properly transmitted.  *See* C.A.R. 10(d)(3).  "If any difference arises as to whether the record truly discloses what occurred in the trial court . . . , the difference must be submitted to and settled by the trial court," and "[t]he party moving to settle the record must file a motion to stay the appellate court proceedings in the appellate court while the trial court considers the motion to settle the record."  C.A.R. 10(g)(1).  Sweet and Buske filed numerous motions to settle the record, moved to stay the appellate proceedings, and raised with the district court that an "exhibit record" was transmitted despite no trial on the merits being held and no exhibits being listed as admitted.  This court stayed the appellate proceedings until the district court settled the record.  Once settled, the stay was lifted, and Sweet and Buske filed their amended opening brief.  Thus, Sweet and Buske had their chance

to correct any difference as to whether the record truly disclosed what occurred in the district court, and we will not alter the record now.

¶ 33    In any event, we do not rely on any of the exhibits in resolving this appeal.

IV.    Appellate Attorney Fees

¶ 34    303 and Moore request an award of their appellate attorney fees, asserting that plaintiffs' appeal was frivolous and vexatious.

¶ 35    "A party who is appearing without an attorney . . . shall not be assessed attorney fees . . . unless the court finds that the party clearly knew or reasonably should have known that the party's action or defense, or any part of the action or defense, was substantially frivolous . . . ." § 13-17-102(6), C.R.S. 2025.

¶ 36    Even assuming plaintiffs' arguments were frivolous and vexatious, 303 and Moore have not shown that Sweet and Buske knew or should have known that their appeal was frivolous or vexatious.  They rely on an unpublished 2022 case, *Board of County Commissioners v. Sweet,* (Colo. App. No. 21CA0671, July 28, 2022) (not published pursuant to C.A.R. 35(e)), in which Sweet was

warned that it was a close call whether appellate attorney fees would be awarded against her, but, ultimately, they were not.

¶ 37 As a threshold matter, we note that citation to this case is in derogation of this court's prohibition against citing unpublished opinions except to "explain the case history, identify the law of the case, or assert the doctrines of issue preclusion or claim preclusion." *See* Colo. Jud. Branch, *Court of Appeals Policies, Policy Concerning Citation of Opinions Not Selected for Official Publication* (2026), https://perma.cc/ZQW2-H29D.

¶ 38 In any event, we do not think that 2022 opinion can bear the burden 303 and Moore place on it. Unlike in that case, here, Sweet did not insult anyone in her briefs or include irrelevant discussions.[3] Though most of the issues raised in this appeal were not preserved, Sweet and Buske appear to have made a good faith effort to determine the applicable law. We therefore deny 303's and Moore's requests for appellate attorney fees.

---

[3] Notably, although 303 and Moore assert that the unpublished decision supports a finding that both Sweet and Buske were warned about frivolous litigation, Buske was not a party in the 2022 case.

## V.    Disposition

¶ 39    The judgment and order are affirmed.

JUDGE HARRIS and JUDGE BROWN concur.